Christopher A. GARDEN,
Plaintiff—Appellant,

v.

Michael HAWLEY; Jane Doe Hawley; Island County, a municipal corporation; Jan Smith, Defendants—Appellees.

No. 03–35152.

D.C. No. CV–01–02149–TSZ.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2004.*

Decided June 17, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Randy W. Loun, Esq., Loun & Tyner, Bremerton, WA, for Plaintiff–Appellant.

Jocelyn Lyman, Law Lyman Daniel Kamerrer & Bogdanovich, Olympia, WA, for Defendants–Appellees.

Before PREGERSON, THOMPSON, and CALLAHAN, Circuit Judges.

MEMORANDUM**

Plaintiff Christopher A. Garden brought this 42 U.S.C. § 1983 action against the Island County Sheriff's Office ("ICSO"), Sheriff Michael Hawley, and Chief Deputy Sheriff Jan Smith (collectively, "Defendants").[1] Plaintiff claims that Defendants (1) violated his federal due process rights by demoting and refusing to promote him and (2) violated his federal and Washington state privacy rights by investigating his personal and/or sexual activities.

We review *de novo* the district court's January 24, 2003 order granting Defendants summary judgment. *Simo v. Union of Needletrades, Indus. & Textile Employ-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Garden also named Sheriff Hawley's wife as a defendant but stated no claims against her.

**4**

ees, 322 F.3d 602, 609–10 (9th Cir.2003). For the following reasons, we AFFIRM the district court.

■ The district court properly concluded that all of Garden's claims based on events occurring prior to December 26, 1998—namely, the first investigation and Garden's demotion from lieutenant to patrol deputy—were time-barred by Washington's three-year statute of limitations. *See RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1058 (9th Cir.2002). The continuing violation doctrine does not salvage these claims because the events on which they are based were independently actionable "discrete acts." *See National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *Olsen v. Idaho State Board of Medicine,* 363 F.3d 916, 927 (9th Cir.2004); *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara,* 344 F.3d 822, 829 (9th Cir.2003).[2]

■ The district court properly granted summary judgment on Garden's non-promotion claim. While timely, Garden's claim nevertheless fails because he did not provide the district court with evidence to create a triable issue of material fact as to whether he received a "binding assurance of a forthcoming promotion." *Nunez v. City of Los Angeles,* 147 F.3d 867, 873 (9th Cir.1998).

■ The district court also properly granted summary judgment on Garden's federal due process invasion of privacy claim.[3] Garden's prior personal relationship with a former reserve deputy was a proper subject for investigation under POL 004.01, once it was learned that Garden had generated on his ICSO computer an unauthorized personal profile about her. Thus, the second investigation was "justified by the legitimate interests of the [ICSO] ... the inquir[ies were] narrowly tailored to meet those legitimate interests," and Garden does not allege that the ICSO misused the information it obtained. *Thorne v. El Segundo,* 726 F.2d 459, 469 (9th Cir.1983).

■ Aside from Garden's general argument that none of his claims are time-barred, Garden does not take issue with the district court's finding that his state law invasion of privacy claims against Defendants Hawley and Smith are time-barred. Instead, Garden asserts for the first time on appeal that Island County can be held liable for violating his Washington state privacy rights under a respondeat superior theory of liability. "It is well established that an appellate court will not reverse a district court on the basis of a theory that was not raised below." *Alaska Airlines, Inc. v. United Airlines, Inc.,* 948 F.2d 536, 546 n. 15 (9th Cir.1991). Accordingly, we decline to address Garden's respondeat superior argument.

**AFFIRMED.**

---

**2.** Because we are free to affirm on any ground supported by the record, *see Simo,* 322 F.3d at 609–10, we need not address Garden's arguments that the district court erred in alternatively granting summary judgment on his pre-December 26, 1998 claims on the merits or that the district court erred in finding that Defendants Hawley and Smith were entitled to qualified immunity.

**3.** Because we find that the district court properly concluded that claims based on the first investigation were time-barred, we need only address Garden's invasion of privacy claims in the context of the second investigation.